Lea, Sp. J.,
delivered tbe opinion of tbe court:
This is an attachment bill. Complainants allege that cn tbe 13th of December, 1873, they recovered a judgment for tbe sum of $252.58, against tbe defendant, before J. H. Magill, a justice of tbe peace for McMinn county; that execution was issued on tbe 21st day of July, 1874, and placed in tbe bands of tbe deputy sheriff, who returned tbe same with tbe indorsement of nulla bona. They further allege that tbe “cunning'device of which tbe defendant seems to be abundantly supplied, when bis creditors endeavor to make him pay bis just debts and liabilities, has been sufficient to defeat and defraud them in tbe collection of their just debts against him up to' tbe present time.” They allege that be is tbe owner of a piano, worth some five hundred dollars, which is subject to tbe payment of their judgment. This piano was kept in tbe defendant’s parlor, and when an officer was seen toi approach bis residence, either be, or some member of tbe family, would look the parlor door and 'secrete tbe key, for tbe purpose of preventing an execution at law from being levied thereon. They further charge that tbe “said defendant has fraudulently disposed of all bis property, so that nothing can be made out of him by an execution at law, and that they knew of no other property which be *6 longed to tbe defendant, except tbe piano aforesaid, out of which tbey can make tbeir said debt and cost.”
These are all tbe material allegations in tbe bill. Tbe defendant demurred to tbe bill, and assigned tbat tbe complainant’s remedy at law was unembarrassed. Tbe demurrer was overruled, defendant answered, proof was taken, and upon tbe bearing, complainant’s bill was dismissed, and tbey bave appealed to tbis court. Tbis bill should bave been dismissed on demurrer.
Complainants bad a judgment at law against the defendant, and tbe piano was subject to execution, and nothing is stated in tbe bill to give tbe chancery court jurisdiction. True, tbey allege that be bad fraudulently disposed of bis property, but tbey do not seek to set aside any fraudulent conveyance, nor do they seek to attach, or to reach any equitable interest of tbe defendant, but tbey simply allege tbat be is tbe owner of tbis piano, and tbat tbe same is subject to tbe payment of bis debt. No allegation 'that be bad or was about fraudulently to convey it to defeat creditors. Tbey say tbat it was in bis parlor, and that upon tbe approach of an officer, be would lock bis parlor door, to prevent tbe levy of an execution. An attachment clothed tbe officer with no more or superior •authority to enter the parlor than tbe execution upon their judgment against tbe defendant.
Tbe decree of tbe chancellor, dismissing tbe bill, is affirmed, and complainants will pay tbe costs.